Don H. Blanks and Christine B. Blanks v. Commissioner. Grant Wyatt, Jr. and Marcia P. Wyatt v. Commissioner. William J. Wells v. Commissioner.
Don H. Blanks & Christine B. Blanks v. Commissioner
Docket Nos. 4860, 4866, 4867.
United States Tax Court
1947 Tax Ct. Memo LEXIS 10; 6 T.C.M. (CCH) 1295; T.C.M. (RIA) 47331; December 23, 1947
Chase Morsey, Esq., for the petitioners. Frank M. Cavanaugh, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion These cases involve income tax deficiencies for 1941 as follows: Docket
No.
Petitioner
Deficiency
4860
Don H. Blanks and Christine
B. Blanks
$20,075.11
4866
Grant Wyatt. Jr. and Marcia
P. Wyatt
18,179.09
4867
William J. Wells
19,322.34 By agreement of the parties the cases were consolidated for hearing. They all involve the single issue, whether percentage bonuses which the petitioners' employer, Frazier-Davis Construction Company, credited to them in its books in 1941 were taxable income to them in that year. The term "petitioners" is used herein to refer to Don H. Blanks, Grant Wyatt, Jr. and William J. Wells. The wives of the first two *11 named petitioners are parties to these proceedings only because of the fact that they filed joint returns with their husbands. Findings of Fact The parties have filed a written stipulation of facts which we incorporate herein by reference. The essential facts contained in the stipulation and other evidence of record are as follows: The petitioners filed their return for the year involved with the collector of internal revenue for the first district of Missouri. The returns were made for the calendar year and on a cash receipts and disbursements basis. During, and for several years prior to 1941, the petitioners were employees of the Frazier-Davis Construction Company, a Missouri corporation, engaged in the general construction business. Blanks and Wyatt were employed as civil engineers. They received salaries of $600 and $500 a month, respectively. Wells was employed as secretary of the Company at a salary of $450 a month. The Frazier-Davis Construction Company, hereinafter referred to as the Company, made its income tax returns on a percentage of completed contract basis as to income from contracts and on an accrual basis as to other items. The returns were for the fiscal *12 year ending March 31. The Company was liquidated on December 29, 1941, and filed a final return for the period April 1 to December 31, 1941. For a number of years prior to 1941 the Company paid each of the petitioners, in addition to their regular salary, a bonus equal to 5 per cent of the net profits each year. Resolutions authorizing such bonuses for the fiscal years ended March 31, 1940, and March 31, 1941, were passed by the board of directors on December 30, 1939, and March 28, 1941, respectively. The bonuses for 1939 amounting to $1,700.45 for each petitioner were credited to them in the Company's books on March 31, 1939. On March 31, 1940, there was credited to each petitioner a bonus for 1940 of $24,930.65. After the close of the fiscal year ended March 31, 1941, the Company's income for the year ended March 31, 1940, was substantially increased by certain adjustments made by examining revenue agents, to which the Company agreed, and as a result the petitioners became entitled to additional bonuses for that year of $14,747.01 each. That amount was credited to each petitioner in the Company's books under date of March 31, 1941. Also on that date each of the petitioners was *13 credited in the Company's books with a bonus of $28,202.65 for the fiscal year ended March 31, 1941. On September 1, 1941, after further adjustments were made in the Company's 1940 income, each of the petitioners was credited with an additional bonus for that year of $478.65. On December 31, 1941, the Company credited each of the petitioners an additional bonus of $8,000 for the period April 1, 1941, to December 31, 1941. On the same date each petitioner was credited with an additional bonus of $313.76 for the year ended March 31, 1941. In summary, the bonuses credited to each of the petitioners for the Company's fiscal years 1939, 1940, and for the final year April 1 to December 31, 1941, were as follows: 3-31-39
Bonus
$ 1,700.45
3-31-40
5% of profits per books
24,930.65
3-31-41
5% of additional income as
adjusted for the year end-
ing 3-31-40
14,747.01
3-31-41
5% of profits for the year
ending 3-31-41
28,202.65
9- 1-41
5% of additional income
as adjusted in revenue
agent's report for year
ending 3-31-40
478.65
12-31-41
Bonus credited
8,000.00
12-31-41
5% of additional income per
revenue agent's report
dated July 9, 1942, for
year ending 3-31-41
313.76
*14 The Company had no fixed plan for payment of the bonuses to petitioners. The petitioners were at liberty to draw on the Company whenever they were in need of funds. A bonus payable account for each petitioner was kept in the Company's books which showed credits of the amounts set out above and debits of various amounts, sometimes antedating the credit entries. For instance, petitioner Wyatt's account shows the following entries: Date
Folio
Debit
Credit
Balance
3-31-39
J 257
$ 1,700.45
$ 1,700.45
12-31-39
CD 392
$ 1,700.45
3- 8-40
CD 415
5,000.00
(5,000.00)
3-31-40
J 297
24,930.65
19,930.65
5-31-40
CD 443
5,000.00
14,930.65
6-30-40
CD 453
5,000.00
9,930.65
7-31-40
CD 463
9,930.65
3-31-41
J 323
14,747.02
14,747.02
3-31-41
J 324
28,202.65
42,949.67
6-30-41
CD 561
5,000.00
37,949.67
8-31-41
CD 577
23,202.65
14,747.02
9- 1-41
J 337
478.65
15,225.67
9-30-41
CD 585
15,225.67
12-31-41
J 364
8,000.00
8,000.00
12-31-41
J 365
313.76
8,313.76
(The letters J and CD appearing in the folio column above denote items from the general ledger and cash disbursements journal.) The accounts *15 of the other petitioners were substantially like that of Wyatt's above. The credits of $8,000 and $313.76 made December 31, 1941, were withdrawn by the petitioners sometime in 1942. The Company at all times herein material was solvent and carried large cash balances out of which the bonuses here in question might have been paid. All of the amounts credited to the petitioners as bonuses in the Company's books in 1941 were unconditionally available to them in that year. The respondent determined in his deficiency notices herein that the petitioners were taxable in 1941 on the $51,428.31 of bonuses credited to them in the Company's books in that year, including the regular bonus for 1941 of $28,202.65 credited March 31, 1941, the additional bonuses for 1940 of $14,747.01 credited on the same date and $478.65 credited September 1, 1941, and the final bonus of $8,000 credited on December 31, 1941. Opinion LEMIRE, Judge: The petitioners state in their brief that: "Petitioners' appeal from that part of Commissioner's ruling which includes as taxable income in 1941 the bonus payments of $15,225.66 to each of petitioners actually received in 1941 but which, in accordance with the *16 corporation's agreement, were due and payable to petitioners without modification or restriction as of the end of the corporation's fiscal year ended March 31, 1940. Petitioners also appeal from that part of Commissioner's ruling which includes as taxable income in 1941 the $8,000.00 bonus credited to each taxpayer on employer corporation's books as of December 31, 1941, but not paid until the year 1942." It is plain, we think, as the petitioners seem to concede, that they are taxable in 1941 on the additional bonuses for 1940 of $15,225.66 which were credited and paid to them in 1941, unless these amounts were constructively received by them in 1940. In their argument for such constructive receipt the petitioners rely upon section 29.42-2 of Regulations 111 which they say is controlling on the facts here. This section of the regulations reads as follows: "Sec. 29.42-2. Income Not Reduced to Possession. - Income which is credited to the account of or set apart for a taxpayer and which may be drawn upon by him at any time is subject to tax for the year during which so credited or set apart, although not then actually reduced to possession. To constitute receipt in such a case the *17 income must be credited or set apart to the taxpayer without any substantial limitation or restriction as to the time or manner of payment or condition upon which payment is to be made, and must be made available to him so that it may be drawn at any time, and its receipt brought within his own control and disposition. A book entry, if made, should indicate an absolute transfer from one account to another. If a corporation contingently credits its employees with bonus stock, but the stock is not available to such employees until some future date, the mere crediting on the books of the corporation does not constitute receipt." The amounts in dispute were not credited to or set apart for the petitioners in 1940. It was not even known to the petitioners or to the Company until after December 31, 1940, that any additional bonuses would be due them for that year. Since the amount of the additional compensation was neither determined nor credited to the petitioners in 1940 it was not constructively received by them in that year. See . The amounts which the petitioners drew on their accounts with the Company in 1940 in excess of the compensation previously *18 determined and credited to them in the Company's books were advances or loans for which they stood indebted to the Company until offsetting credit entries were made. See . We think that the respondent followed the only course open to him in including in petitioners' 1941 income the additional bonuses that were determined and credited to them in the Company's books and actually paid to them in 1941. As to the $8,000 bonus credited to the petitioners in 1941, it is the respondent who claims constructive receipt by the petitioners in that year. The petitioners claim it became taxable in 1942. The stipulated facts are that: "The Frazier-Davis Construction Company on December 31, 1941, credited a final bonus of $8,000.00 to each petitioner for the period April 1, 1941, to December 31, 1941." Paragraph 18 of the stipulation reads as follows: "All credits made to the bonus account of each of the petitioners on the books of the company were drawn out by each of said petitioners in the same calendar year in which credit was made, with the exception of the adjusted bonus amounting to $313.76 paid them in 1942, and the $8,000.00 credited *19 and made available to them as of December 31, 1941, the date of dissolution, payment of which was made in 1942." Thus, according to the stipulation the $8,000 was "credited and made available" to the petitioners on December 31, 1941. In (C.C.A., 5th Cir.), the court said: "* * * The compensation of the petitioners was credited to them during the tax year 1920, without substantial limitation or restriction as to time, manner, or condition upon which payment was to be made, and might have been drawn out by them at any time during the year after it was so credited. The fact that it was not drawn out in part is of no importance in considering the incidence of the tax." See also . The test for constructive receipt, as laid down in those and numerous other cases, is whether the funds were credited and made available to the taxpayer in the taxable year. As to the $8,000 item, that test was met in 1941, according to the stipulated facts. There is evidence that at least one of the petitioners, Wyatt, was in another State (Illinois) at the time the $8,000 bonus was voted and credited to him *20 and that he did not know about it until May 1942 when he received a check from the Company. That fact, we think, is not determinative. The petitioners cite no case where it has been so held, and we find none. It was the crediting of the income and making it unqualifiedly available to them in the taxable year that determines the petitioners' tax liability. Wyatt was vice president of the Company. Wells was secretary. As officers of the Company they were in a position to know about its acts. On the facts as stipulated by the parties we find no error in the respondent's determination. Decision will be entered for the respondent.